# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HUGO APARICIO, | |
|     Petitioner, | 3:07-cv-00427-LRH-VPC |
| vs. | ORDER |
| E.K. MCDANIEL, *et al.*, | |
|     Respondents. | |

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#79) for renewed order to show cause and petitioner's motion (#80) for order to set briefing schedule.

Prior to the appointment of counsel, the Court directed the *pro se* petitioner to show cause why the petition should not be dismissed as untimely. Respondents posit that the issue thereafter "was never squarely addressed." The Court's subsequent order, however, clearly reflects that, following consideration of the *pro se* petitioner's response and associated motions, the Court appointed counsel out of an abundance of caution and expressly deferred further consideration of the timeliness inquiry until after a counseled amended petition was filed and screened. #64.

The Court additionally clearly has stated that no response was required from respondents until further order of the Court and that it would screen the amended petition prior to ordering any response from respondents. ##64 & 67.

These prior orders notwithstanding, respondents filed a motion to renew the show cause order less than twenty days after petitioner filed a verification of the amended petition. Petitioner has filed a motion in response requesting an order setting deadlines for briefing and responses by both petitioner and respondents on a show cause inquiry.

Due to its heavy habeas docket, the Court is not always able to reach a matter and issue a post-screening order immediately upon the filing of the verification of a counseled amended petition. In the interim, motions requesting relief vis-à-vis the Court's *sua sponte* screening are unnecessary. The Court reviews the record and its prior action in the case during screening of the amended petition.

Following review, and further given that both counsel already appear to be engaged with the issue, it appears that the most efficient manner to address the timeliness issue would be in the form of a motion to dismiss. The Court further would prefer to take up any relation back issues as to claims in the amended petition at the same time as the issue of the timeliness of the original petition. The briefing schedule proposed by petitioner is no more expedient than the briefing schedule on a motion to dismiss, and the Court sees no need for petitioner to have the opportunity to file two briefs rather than a single opposition to a motion to dismiss. Respondents have expressed the concern that a motion to dismiss would be unnecessarily unwieldy because of all of the other issues, such as exhaustion and procedural default, that potentially also might have to be raised in such a motion. However, that concern is easily addressed by an order cabining the initial motion to dismiss to the potentially case-dispositive issues of timeliness and relation back.

Petitioner requests extensive time to investigate and develop the record for an equitable tolling argument. Particularly given that the timeliness issue was a live issue in this case when counsel was appointed, the schedule established by this order allows petitioner ample time to address the issue.

IT THEREFORE IS ORDERED that respondents' motion (#79) for renewed order to show cause and petitioner's motion (#80) for order to set briefing schedule both are DENIED.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, respondents shall file a motion to dismiss restricted to the issues of timeliness of the original petition and relation back of the claims in the counseled amended petition. The deferral of other defenses in compliance with this order shall not give rise to a waiver of any other defenses.

IT FURTHER IS ORDERED that petitioner shall have forty-five (45) days from service to file an opposition to the motion to dismiss, with supporting competent evidence.

IT FURTHER IS ORDERED that respondents may file a reply within twenty (20) days of service of the opposition.

The deadlines established by this order override any shorter deadlines later reflected on the electronic docket sheet.

DATED this 11th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE