1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8   HUGO APARICIO,

9          *Petitioner*,                                     3:07-cv-00427-LRH-VPC

10  vs.                                                      ORDER

11

12  E.K. MCDANIEL, *et al.*,

13          *Respondents*.

14

15          This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's

16  proper person motion (#130) to enforce court order or to show cause.  The motion seeks to prevent

17  appointed counsel from withdrawing from the representation without seeking rehearing in the Ninth

18  Circuit and *certiorari* review in the United States Supreme Court following a recent affirmance.

19          The Court granted petitioner's motion for appointment of counsel and appointed counsel for

20  petitioner during the district court proceedings.  The initial order, consistent with the Court's Plan for

21  the Administration of the Criminal Justice Act of 1964, stated: "The counsel appointed will represent

22  petitioner in all federal proceedings related to this matter, including any appeals or *certiorari*

23  proceedings, unless allowed to withdraw." #64, at 1.  The Federal Public Defender was appointed for

24  petitioner and pursued the matter through the filing of an appeal from the Court's order dismissing the

25  petition as untimely.

26          During the pendency of the appeal, the Court of Appeals granted the Federal Public Defender's

27  motion to be relieved of counsel and directed this Court to appoint substitute counsel.  See #122.  The

28  Court appointed current counsel as substitute counsel.  Nothing in the Court's appointment order

1  restricted the appointment to solely during the pendency of the appeal on original hearing or otherwise

2  modified the prior order (#64) regarding the duration and extent of the appointment.  See #123.

3          The Court of Appeals affirmed the decision of this Court denying the petition as untimely in an

4  October 30, 2013, memorandum opinion. #127.

5          According to petitioner's proper person motion (#130) and the apparent letter from counsel

6  attached with the motion, petitioner requested by an October 31, 2013, letter that counsel file a motion

7  or petition for rehearing in the Ninth Circuit and also seek Supreme Court review.  The tendered

8  November 18, 2013, letter reads as follows in pertinent part:

9
10              Even though I disagree with the Court's conclusion, it is my
            opinion that any motion for re-hearing on this issue will be denied.  The
            decision was unanimous by the panel.

11
12              Regarding your appeal to the U.S. Supreme Court, again, it is
            also my opinion that they will affirm the decision of the 9th Circuit.

13              As a result of the 9th Circuit's decision, I will be withdrawing as
            your counsel of record this week and conclude my representation of you
14          in this mater. [sic]

15              The best of luck to you in your re-hearing and appeal process.

16  #130, at electronic docketing page 5.

17          By the time of the November 18, 2013, letter, the 14 day time period for seeking rehearing under

18  Rules 35(c) and 40(a)(1) of the Federal Rules of Appellate Procedure already had expired.

19          On November 15, 2013, the Court of Appeals issued the mandate.  #128.

20          Petitioner mailed the present motion to the Clerk of this Court for filing on or about November

21  24, 2013.

22          Petitioner also has filed a separate and distinct proper person motion in the Court of Appeals

23  requesting a stay of proceedings and appointment of counsel, which also was mailed for filing on or

24  about November 24, 2013.

25          Ninth Circuit Rule 4-1 states at the outset that the rule "applies to appeals in categories of cases

26  listed in 18 U.S.C. § 3006A."  Appointment of counsel in habeas proceedings under § 2254 is

27  referenced in § 3006A(a)(2)(B).  Where applicable, Ninth Circuit Rule 4-1(e) imposes specific

28  obligations on appointed counsel with respect to petitions for rehearing, petitions for *certiorari* review,

1    and the circumstances under and procedures through which counsel, *inter alia*, may withdraw from

2    representation.  Where applicable, Rule 4-1(e) does not appear to permit counsel to withdraw and not

3    pursue further review solely because he believes that a rehearing petition and/or *certiorari* petition

4    would be denied.

5           Where Rule 4-1(e) applies, it contemplates that any motion for withdrawal, appointment of

6    counsel, and/or related relief, such as perhaps recall of the mandate, will be directed to the Court of

7    Appeals.

8           This Court therefore will deny the motion without prejudice in deference to the authority of the

9    Court of Appeals, subject to any referral or directive by that Court.  This Court will direct the Clerk to

10   notify the Court of Appeals of both the filing of the motion and this Court's action thereon.

11          IT THEREFORE IS ORDERED that petitioner's proper person motion (#130) to enforce court

12   order or to show cause is DENIED without prejudice, in deference to the authority of the Court of

13   Appeals over the matter, and subject to any referral or other directive by that Court.

14          IT FURTHER IS ORDERED that the Clerk: (a) shall SEND a notice of electronic filing both

15   of petitioner's motion (#130) and this order to the Court of Appeals in connection with No. 12-15916;

16   and (b) shall SEND a hard copy of this order to the petitioner in proper person at the institutional

17   address reflected on the docket sheet.

18          DATED this 2nd day of December, 2013.

19

20

21   _____

22   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28